# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIM RUIZ,

          Plaintiff,

v.                                                      Case No. 8:24-cv-295-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

          Defendant.
_____

## OPINION AND ORDER[2]

### I.  Status

Kim Ruiz ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "bipolar disorder, ADHD, and OCD." Transcript of Administrative Proceedings (Doc. No. 7; "Tr." or "administrative transcript"), filed April 1, 2024,

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

at 61, 69, 242. Plaintiff protectively filed an application for DIB on April 12, 2021, alleging a disability onset date of October 19, 2020.[3] Tr. at 204-10. The application was denied initially, Tr. at 60, 61-67, 89-92, and upon reconsideration, Tr. at 68, 69-76, 100-03.[4]

On January 3, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). See Tr. at 41-59; see Tr. at 182-89 (appointment paperwork indicating Plaintiff's representative is not an attorney). On February 20, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 24-35.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her representative. See Tr. at 11-12 (Appeals Council exhibit list and orders), 199-200 (request for review), 333-34 (brief). On October 4, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 8-10, thereby making the ALJ's Decision the final decision of the Commissioner. On January 30, 2024, Plaintiff commenced this action under 42

---

[3] Although actually completed on April 13, 2021, see Tr. at 204, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 12, 2021, see, e.g., Tr. at 61, 69.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. See Tr. at 43, 190-91.

- 2 -

U.S.C. § 405(g) by timely[6] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in evaluating: 1) the opinion of Susie Roux, APRN; and 2) Plaintiff's subjective complaints. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed August 7, 2024, at 3, 14. On September 19, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's subjective complaints. On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

---

[6] Plaintiff sought and received additional time to file a civil action. Tr. at 1-2, 6.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 26-34. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 19, 2020, the alleged onset date." Tr. at 26 (emphasis and

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: bipolar disorder; obsessive compulsive disorder (OCD); attention deficit hyperactivity disorder (ADHD); and obesity." Tr. at 26 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 26 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) with the following additional limitations: understand, remember, and carry out simple instructions, maintain attention, concentration, and pace for 2 hour increments in an 8 hour work day, occasional changes in workplace and gradually introduced, and occasional interaction with coworkers, supervisors, and the general public.

Tr. at 29 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Manager, personnel." Tr. at 33 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("a younger individual age 18-49"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "cleaner,

housekeeping," "marker," and "routing clerk." Tr. at 33-34 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 19, 2020, through the date of th[e D]ecision." Tr. at 47 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating her subjective complaints about the effects of her impairments. Pl.'s Mem. at 14-22. Central to Plaintiff's argument is the ALJ's failure to consider extensive therapy notes from Amy Dickinson, LCSW, and Nancy Mulso, LCPC. See id. at 16-20. Responding regarding the failure to consider the therapy notes, Defendant argues "the ALJ was not required to discuss every piece of evidence in the decision." Def.'s Mem. at 13-14. As to the ALJ's subjective symptom findings, Defendant contends the findings are supported by substantial evidence. Id. at 11.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's

subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). Moreover, "the episodic nature of" bipolar disorder must be considered by an ALJ. Schink v. Comm'r of Soc. Sec., 935 F.3d 1245,

1268 (11th Cir. 2019); see also, e.g., Simon v. Commissioner, Social Security Administration, 7 F.4th 1094, 1106 (11th Cir. 2021).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 29-30. The ALJ recognized that Plaintiff's "symptoms have waxed and waned." Tr. at 30. But, as to the severity of Plaintiff's mental symptoms, the ALJ found Plaintiff's "allegations of difficulty functioning during the day due to insomnia and mentally 'shutting down' are not consistent with the evidence," Tr. at 30, and that "there are no complaints of . . . shutting down or staying in bed all day." Tr. at 32.

Therapy notes that the ALJ did not recognize or discuss, particularly Ms. Mulso's, directly contradict some of the ALJ's subjective symptom findings and shed further light on the ups and downs of Plaintiff's bipolar disorder and other symptoms. See Tr. at 531 ("She reports symptoms fluctuating from an inability to get out of bed to unable to sleep for days."), 532 (Plaintiff "reported feeling an increased amount of mania and inability to fall asleep" and "presented in a manic state as evidence by her rapid speech and lack of insight to what she was saying"), 533 (Plaintiff "presented manic and nonsensical" and "had difficulty staying on one topic to the point that it was impossible to follow" and "cried during the session stating that she has to sleep [sic] in days" and "stay[s] up

- 9 -

and over think[s] everything"), 536 (Plaintiff "reported crying for no apparent reasons" and not having "showered and gotten dressed for six days," on another occasion Plaintiff "reported sleeping for sixteen hours"), 537 (Plaintiff reporting that after she helps her sister with family issues "she is either unable to relax or lies on the couch for days"), 538-39 (Plaintiff reporting she "tries to take care of as much around the house as possible when she feels manic because she always crashes and gets depressed to the point that she lays on the couch for days"); see also Tr. at 600 (Ms. Dickinson noting that Plaintiff's "sleep routines [are] irregular").[8] Given the ALJ's failure to consider Ms. Mulso's notes when evaluating Plaintiff's subjective complaints, the matter is due to be remanded for the ALJ to reconsider the evidence and address it in such a way that the Court can be satisfied it was adequately considered.

### V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

---

[8]    The ALJ did discuss some of Ms. Dickinson's notes, but not the majority of them (not by name but by citation to certain pages of Exhibit 1F, which contains the notes interspersed with those of other providers, see Tr. at 336-494). See Tr. at 31 (citations omitted).

(A) Reconsider Plaintiff's subjective symptoms, being sure to take into account the notes from Nancy Mulso, LCPC;

(B) If necessary, address Plaintiff's other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2025.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record