# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIM RUIZ,

        Plaintiff,

v.                                                  Case No. 8:24-cv-295-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security,[1]

        Defendant.
_____/

## **O R D E R**

This cause is before the Court on Plaintiff's Petition for Attorney Fees (Doc. No. 27; "Petition"), filed April 16, 2025. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,873.82 and reimbursement of the filing fee as costs in the amount of $400.00. Petition at 1, 3. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2, 6.

Plaintiff's counsel indicates a total of 28.1 hours were expended in the representation of Plaintiff before the Court. Id. at 3; see also Doc. No. 27-1;

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

"Itemization of Services Rendered by Attorney." Plaintiff requests an hourly rate of $244.62. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition and supporting documentation, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees such that the amount requested is reasonable.[2]

Plaintiff also requests reimbursement of $400.00 in costs expended for the filing of the Complaint (Doc. No. 1). Petition at 1, 3. Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Petition at Ex. 2 (Fee Agreement). Regarding the assignment, Plaintiff represents the following:

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited May 2, 2025). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

> [A]fter the Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees . . . and pay fees directly to Plaintiff's attorney.

Id. at 6.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Petition for Attorney Fees (Doc. No. 27) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,873.82 pursuant to 28 U.S.C. § 2412(d) and costs in the amount of $400.00.

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on May 2, 2025.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

3